IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION



FILED
OCT 18 2012
Clerk, U.S District Court
District Of Montana
Missoula

| | | |
|---|---|---|
| ALLEN POTTER, | ) | CV 11-151-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN SAM LAW, ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

Allen Potter is a prisoner proceeding pro se. He filed a petition for a writ of habeas corpus, raising several claims. Potter claims that the jury was improperly instructed, that he should not have been sentenced as a persistent felony offender, and that his conviction was not supported by sufficient evidence. He also raises seven other claims based on his counsel's alleged ineffective assistance.

Magistrate Judge Lynch recommends rejecting all of Potter's claims and denying his petition on the merits. He also recommends denying a certificate of appealability.

Potter is entitled to a de novo review of the specified findings or recommendations to which he timely objected. 28 U.S.C. § 636(b)(1). But the portions of Judge Lynch's Findings and Recommendation not specifically

1

objected to are reviewed for clear error. *McDonnell Douglas corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). General, conclusory objections do not warrant de novo review. *See Eastman v. Swanson*, 2012 WL 2862439 at *1 (D. Mont. July 11, 2012) (citing *Cox v. City of Charleston, S.C.*, 250 F. Supp. 2d 582, 585 (D. S.C.2003)).

Potter twice moved to extend the deadline for filing objections, and the Court granted both of those motions. On September 20, 2012, Potter filed his objections. Potter, though, does not offer any objections to Judge Lynch's Findings and Recommendations. He simply parrots arguments that he made in his petition and supporting materials, which Judge Lynch rejected. He does not explain how Judge Lynch purportedly erred.

Potter is not entitled to de novo review of Judge Lynch's Findings and Recommendation. The purpose of objections is not to simply restate arguments already made and rejected. Rather, the purpose is to explain to the district court why the magistrate judge's findings and recommendation are incorrect. Potter fails to do that here. The Court therefore reviews Judge Lynch's decision for clear error.

The Court finds no clear error in Judge Lynch's Findings and Recommendations and adopts them in full. Judge Lynch correctly concluded that Potter's first three claims—i.e., the three claims not alleging ineffective assistance

2

of counsel—should be rejected because the Montana Supreme Court decided them on direct appeal and Potter fails to show that the Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Judge Lynch also correctly concluded that Potter's ineffective assistance of counsel claims—which were raised for the first time in post-conviction proceedings—also fail. Potter does not show that his counsel's conduct fell below an objective standard of reasonableness and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Wash.*, 466 U.S. 668, 687–88 (1984).

For these reasons, the Court adopts in full Judge Lynch's Findings and Recommendations. Potter's petition and a certificate of appealability are both denied.

IT IS ORDERED that Magistrate Judge Lynch's Findings and Recommendation (doc. 8) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Allen Potter's petition for a writ of habeas corpus (doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by

3

separate document a judgment in favor of the respondents and against Potter.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 15 day of October 2012.

Donald W. Molloy, District Judge
United States District Court